UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Barry Law Office, Ltd, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Ark Financial LLC,<br><br>Defendant. | COURT FILE NO. 19-cv-2037<br><br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is a class action based on Defendant's practice of sending unsolicited fax advertisements in violation of the federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 42 U.S.C. § 227 (the "TCPA").

2. The TCPA prohibits a person or business from faxing, or having an agent fax, advertisements without the recipient's prior express invitation or permission, and the TCPA requires a fax advertisement to contain a compliant opt out notice informing the recipient of his or her right to request not to receive additional faxes.

3. The TCPA was enacted to deter unsolicited fax advertising, also known as "junk faxes," based on Congress's findings that junk faxes are harmful because: (1) junk faxes shift the costs of advertising from the sender to the recipient; and (2) junk faxes occupy the recipient's fax machine so it is unavailable for legitimate business messages while processing and printing the junk faxes.

4. The TCPA provides a private cause of action to the recipient of an unsolicited fax advertisement for statutory damages of $500 per violation, and up to $1500 per willful or knowing violation.

## JURISDICTION AND VENUE

5. This Court has federal question subject-matter jurisdiction over Plaintiff's TCPA claim under 28 U.S.C. § 1331 because this action is brought pursuant to the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq*. ("TCPA").

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

7. This court has personal jurisdiction over Defendant because it transacts significant amounts of business in Minnesota with residents of Minnesota, it has sufficient contacts with Minnesota, and it otherwise intentionally avails itself of the laws and markets of Minnesota by conducting its substantial business activities here.

## PARTIES

8. Plaintiff The Barry Law Office, Ltd ("Plaintiff") is a citizen of Minnesota, where it is incorporated, and has its principal place of business in Minneapolis, Minnesota.

9. Defendant Ark Financial LLC ("Defendant") is a citizen of Nebraska, where it is incorporated, and has its principal place of business at 133 N 14th, Ashland, NE 68003 and a mailing address of P.O. Box 100, Ashland, NE 68003. The registered agent of process for Defendant is Jacob Malousek, 1409 Furnas St, Ashland, NE 68003. Defendant operates its business under a variety of tradenames, including but

not limited to "Ark Financial Services," "Ark Financial", "Assurance Trainers," "Assurance Software Trainers," and "Assurance Software Training." Defendant operates a website https://www.assurancetrainers.com/ which is registered to "Jacob Malouusek[sic]" at 133 N 14th, Ashland, NE 68003.

## FACTS

10. Beginning in January 2019 and throughout the month of June 2019, Defendant repeatedly transmitted, or caused to be transmitted, by telephone facsimile machine unsolicited fax advertisements that were received by Plaintiff (the "Junk Faxes"). True and accurate copy of the Junk Faxes are attached as Exhibit A-F to this Complaint.

11. Defendant transmitted these unsolicited Junk Faxes to Plaintiff on at least the following occasions:

    - January 3, 2019 at 17:58
    - June 4, 2019 at 15:40
    - June 4, 2019 at 15:51
    - June 18, 2019 at 15:30
    - June 25, 2019 at 13:54
    - June 25, 2019 at 13:57

12. The Junk Faxes advertise the commercial availability and quality of services, namely, training for QuickBooks accounting software.

13. Plaintiff had not invited or given permission to Defendant to send the Junk Fax.

14. Plaintiff does not have an established business relationship with Defendant.

15. On information and belief, Defendant faxed the same or similar unsolicited facsimiles to more than 40 other recipients without first receiving the recipients' express permission or invitation.

16. Defendant was aware of the TCPA as evidenced by the opt-out language which appears at the bottom of each fax.

17. Defendant willfully and knowingly violated the TCPA by sending these facsimiles, as evidenced by the fact that it utilized caller ID spoofing and continually changed its telephone number information to thwart automated number blocking systems that might attempt to block these Junk Faxes.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action individually and as a class action for Defendant's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Plaintiff lass (the "Class"):

    *All persons and entities that hold telephone numbers that received a fax after July 30, 2015 advertising the commercial availability of any property, goods, or services by or on behalf of Defendant for which there was no prior expressed consent or established business relationship, such as the Junk Faxes attached as exhibits to this Complaint.*

19. Excluded from Class are Defendant, Defendant's parent, subsidiaries and affiliates, their directors, officers and members of their immediate families; also excluded are any federal, state or local government entities, any judicial officers presiding over

this action and the members of their immediate family and judicial staff, and any juror assigned to this action.

20. Plaintiff seeks to define the Class period as including all facsimile transmissions by Defendant initiated on or after four years prior to the date of the filing of this Complaint.

21. Plaintiff reserves the right to modify the Class description and Class period based on the results of discovery.

22. This action is properly maintainable as a class action under Rule 23(a).

23. Plaintiff and the Class bring this action for equitable, injunctive and declaratory relief pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of Rule 23 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 23(b)(1), (2), (3)).

*Numerosity*

24. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff upon information and belief that the Class numbers in the hundreds, if not thousands.

*Commonality*

25. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The questions include, but are not limited to:

    (i) whether Defendant sent unsolicited fax advertisements;
    (ii) whether Defendant's faxes advertised the commercial availability of property, goods, or services;

 (iv) the manner and method Defendant used to compile or obtain the list of fax numbers to which it sent the Junk Faxes and other unsolicited faxed advertisements;
(v) whether Defendant sent the faxed advertisements willfully or knowingly;
(vi) whether Defendant's actions violated 47 U.S.C. § 227 and the regulations promulgated thereunder; and
(vii) whether the Court should award treble damages.

### *Typicality*

26. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories, including:

   a. Plaintiff and all putative Class members received unsolicited facsimile messages from Defendant without a prior established business relationship.

### *Adequacy*

27. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling class actions. Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this cause.

### *Superiority*

28. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect

their interests.

29. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunction relief or corresponding declaratory relief with respect to the Class as a whole.

30. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

31. This action does not present any unique management difficulties.

### *Injury*

32. Plaintiff and the members of the putative Class have suffered a concrete injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

### TRIAL BY JURY

33. Plaintiff is entitled to and hereby requests a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE TCPA – 47 U.S.C. § 227 *et seq.*

34. Plaintiff, individually and on behalf of all others similarly situated, adopts and

incorporates by reference all allegations contained in the above paragraphs as though fully set forth here.

35. The TCPA generally makes it unlawful for any person or entity to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C).

36. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality or any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

37. The TCPA provides a private cause of action with statutory damages of $500 for a violation and treble damages for willful or knowing violations. 47 U.S.C. § 227(b)(3).

38. Defendant used a telephone facsimile machine to send to Plaintiff and the Class members an unsolicited advertisement, without their express invitation or permission and without an established business relationship, in violation of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that this Court enter judgment in his favor and against Defendant and award the following:

- An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;
- Adjudging and decreeing that Defendant has engaged in the conduct alleged above, entering Judgment in favor of Plaintiff and the Class and against Defendant;

- Statutory damages under the TCPA in the amount of $1,500 per violation for each Class member, as set forth in the TCPA;
- An order enjoining Defendant from continuing to violate 47 U.S.C. § 227 *et seq.*;
- Attorneys' fees and costs of suit;
- Awarding both pre- and post-judgment interest at the maximum allowable rate on any amounts awarded; and
- Such other relief as this Court deems proper.

Dated this 31st day of July, 2019.

Respectfully submitted,

By: *s/Thomas J. Lyons Jr.*
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 0249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com

***Attorney for Plaintiff***